**NOT FOR PUBLICATION**                    **CASE CLOSED**

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

JOEL ROSENZWEIG,

                Plaintiff,

        v.

BRUNSWICK CORPORATION, by and
through its division, BRUNSWICK BOAT
GROUP, BRUNSWICK ACCEPTANCE
COMPANY, LLC and JOHN DOES 1-20,

                Defendants.

Civil Action No. 08-807  (SDW)

**OPINION**

August 19, 2008

**WIGENTON**, District Judge.

      Before this Court are Defendants Brunswick Corporation ("Brunswick") and Brunswick Acceptance Company's ("BAC") (collectively "Defendants") Motions to Dismiss Plaintiff Joel Rosenzweig's ("Rosenzweig" or "Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c), respectively, and Plaintiff's Motion for Leave to File an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2).  The Court, having considered the parties' submissions and heard oral argument on July 8, 2008, and for the reasons set forth below: (1) **GRANTS** BAC's Motion; (2) declines to address the merits of Brunswick and Plaintiff's Motions as moot; (3) and **DISMISSES** Plaintiff's Complaint in its entirety based on the Court's determination that Northeast Marine Liquidation, Inc. ("Northeast") is a necessary a party in interest, it's joinder is not feasible, and Plaintiff's action cannot proceed in its absence.

**I.**      **JURISDICTION AND VENUE**

      This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1).  Initial venue is proper pursuant to 28 U.S.C. § 1391(a)(2).

II.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is the purchaser of a 2002 48-foot Sealine S-48 luxury yacht ("the boat") for $410,000.00. (Compl. ¶¶ 7, 17.)  Defendant Brunswick is a manufacturer of various products including, but not limited to, boats and marine parts. (Def. Brunswick's Mot. Dismiss at 2.) Defendant BAC is a floor-plan financing corporation formed from a joint venture between Brunswick Financial Services Corporation, a subsidiary of Brunswick and CDF Ventures, LLC, an indirect subsidiary of GE Commercial Distribution Corporation. (Def. BAC's Mot. Dismiss at 2.)  Defendants John Does 1-20 are unidentified persons or entities Plaintiff alleges to have taken part in Defendants' purported illicit conduct and activities. (Compl. ¶ 5.)

Other relevant parties not named in the instant matter include Sealine International, Ltd. ("Sealine"), Global Boats International, Inc. ("Global"), Freedom Marine ("Freedom"), and Northeast.  Sealine, a wholly-owned subsidiary of Brunswick Europe Holdings, which is a wholly-owned subsidiary of Brunswick, manufactured the boat purchased by Rosenzweig. (Def. Brunswick's Mot. Dismiss at 2.)  Global was the exclusive Sealine boats distributor in North America during the relevant time period. (*Id.*)  Freedom, a boat dealer, originally purchased the boat from Global in 2002 and marketed it for sale for $750,000.00. (*Id.* at 2-3.)  BAC was the ultimate financier of Freedom's boat purchase from Global. (Compl. ¶¶ 20-21, 31; Def. BAC's Mot. Dismiss at 2.)  When Freedom defaulted on its payments, BAC initiated a repossession action against Freedom while Global made an offer to sell the boat to Rosenzweig. (Compl. ¶¶ 86-87, Def. BAC's Mot. Dismiss at 4.)  Eventually, BAC took over negotiating the boat sale to Rosenzweig, but ultimately, transferred title to Northeast, a corporation specializing in boat repossession sales to the public, since BAC had no license to execute such a sale. (Compl. ¶¶ 188-189, Def. BAC's Mot. Dismiss at 4.)

2

Plaintiff filed the instant action for purported latent design and manufacturing defects in the boat that were allegedly known to Defendants, but not fully disclosed to Plaintiff at the time of sale, and which rendered the boat unseaworthy and generally unusable according to Plaintiff. (*Id.* at ¶¶ 11-12.) In a 13-count complaint, Plaintiff asserts the following claims against Defendants: (1) violation of the New Jersey Consumer Fraud Act (*Id.* at ¶¶ 232-240); (2) fraud (*Id.* at ¶¶ 241-248); (3) violation of the New Jersey RICO Act (*Id.* at ¶¶ 249-261); (4) New Jersey RICO conspiracy (*Id.* at ¶¶ 262-265); (5) breach of express warranty (*Id.* at ¶¶ 266-270); (6) breach of implied warranties (*Id.* at ¶¶ 271-279); (7) equitable fraud (*Id.* at ¶¶ 280-283); (8) constructive contract fraud (*Id.* at 284-287); (9) breach of implied contract (*Id.* at 288-292); (10) breach of implied contractual duties of good faith and fair dealing (*Id.* at 293-296); (11) rescission (*Id.* at ¶¶ 297-302); (12) negligent misrepresentation (*Id.* at ¶¶ 303-306); and (13) civil conspiracy (*Id.* at ¶¶ 307-312).

Plaintiff initially filed suit against Defendants in the Hudson County Superior Court of New Jersey. Brunswick subsequently filed a notice of removal to this Court and a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted. BAC answered Plaintiff's Complaint and subsequently filed a Rule 12(c) Motion to Dismiss for Judgment on the Pleadings. Plaintiff then filed a Rule 15(a)(2) Motion for Leave to File an Amended Complaint to add Sealine as a named defendant. The Court heard oral argument on Defendants' motions on July 8, 2008 and reserved decision. The Court will now address and adjudicate BAC's Motion, and decline to address the merits of the remaining motions as moot in light of the Court's decision.

## III.    **LEGAL STANDARD**

The Court must review BAC's Motion according to the standard set forth in Fed. R. Civ.

P. 12(c).  Our courts have noted that "a motion to dismiss for failure to state a claim under Rule

12(c) is identical to one filed under Rule 12(b)(6), except Rule 12(c) allows for the motion to be

filed after the filing of an answer, while Rule 12(b)(6) allows for the motion to be made in lieu of

an answer." *Wellness Pub. v. Barefoot*, 2008 WL 108889, at *6 (D.N.J. Jan. 9, 2008); *See also*

Fed. R. Civ. P. 12(h)(2)(B).  "When . . . a Rule 12(c) motion alleges plaintiff's failure to state a

claim upon which relief can be granted, we analyze the motion under the same standard as a Rule

12(b)(6) motion to dismiss." *Reinbold v. U.S. Post Office*, 2007 WL 2949149, at *1, n.1 (3d Cir.

2007) (citing *Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991)).

Consequently, the court must accept as true all material allegations of the complaint and

construe the complaint in favor of the plaintiff.  *Warth v. Seldin*, 422 U.S. 490, 501 (1975);

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Generally, when reviewing a 12(b)(6) motion, the court may only consider the complaint,

exhibits attached to the complaint, matters of public record and undisputedly authentic

documents if the plaintiff's claims are based upon those documents.  *Pension Benefit Guar. Corp.*

*v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The court, however, may consider

documents relied upon by the complaint.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d

1410, 1426 (3d Cir. 1997).  The court may also take judicial notice of relevant legal proceedings.

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426 (3d

Cir. 1999).  A complaint should be dismissed "only if, after accepting as true all of the facts

alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief

could be granted under any set of facts consistent with the allegations of the complaint."  *Trump*,

140 F.3d at 483.

While the complaint is to be construed in the light most favorable to the plaintiff, the court need not accept the plaintiff's legal conclusions or draw unwarranted factual inferences. *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998). The Supreme Court recently held in *Bell Atlantic Corp. v. Twombly* that "[w]hile a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007) (alteration in original) (internal citations omitted). The plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face" sufficient to "nudg[e] [its] claims across the line from conceivable to plausible." *Id.* at 1974. It is on this standard that the Court analyzes and adjudicates BAC's Motion.

## IV.   DISCUSSION

### A.   The Relevant Law

#### 1.   *Rule 19 Standard of Review*

Fed. R. Civ. P. 19[1] delineates when joinder of a party is compulsory and if that joinder is not

---

[1]Fed. R. Civ. P. 19 provides, in relevant part:

**(a) Persons Required to Be Joined if Feasible.** (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (I) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. . . . (3) Venue. If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

**(b) When Joinder Is Not Feasible.** If a person who is required to be joined if feasible cannot be

feasible, whether a case can proceed without that party. *See* Fed. R. Civ. P. 19; *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404-405 (3d Cir. 1993); *Bank of America Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assoc.*, 844 F.2d 1050 (3d Cir. 1988). Specifically, Rule 19(a) sets forth whether a party is necessary and requires joinder in the action. *Bank of America Nat'l Trust and Sav. Ass'n*, 844 F.2d at 1054. "If the answer. . .is yes, then the court must [join that party] if feasible." *Id.* at 1054-1055. If the answer is no, then the court does not inquire any further nor does it reach any discussion under 19(b). *Id.* at 1055 (internal citation omitted).

A Rule 19(a)(1)(A)[2] inquiry "is limited to whether the district court can grant complete relief to the persons already parties to the action." *Janney Montgomery Scott, Inc.*, 11 F.3d at 405. The Third Circuit "observe[s] that the advisory committee note to Rule 19(a) indicates that the question of 'complete relief' may not denote final adjudication of all claims between the parties, so long as the relief actually afforded to the parties in the action is meaningful." *Bank of*

---

joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

[2] The Court notes that the Federal Rules of Civil Procedure were revised and amended in 1987 and as recent as December 1, 2007. The Advisory Committee Notes instruct that the December 1, 2007 changes were "intended to be stylistic only" and that the 1987 changes were "technical" with "[n]o substantive change intended." Fed. R. Civ. P. 19 Advisory Committee Notes. The Court observes that the substantive text of the new version of Rule 19 is largely identical to that of the 1987 version with the most notable change being the renumbering of the various rule sections and subsections. Consequently, the Court finds all relevant Rule 19 interpretations and holdings predating the December 1, 2007 and 1987 revisions to be valid and applicable to the Court's instant joinder analysis.

*America Nat'l Trust and Sav. Ass'n*, 844 F.2d at 1054 n.5 (citing Fed. R. Civ. P. 19 Advisory

Committee Notes).  In fact, the Third Circuit quoted Rule 19's Advisory Committee Notes in its

discussion of Rule 19(a)(1)(A) in *Bank of America Nat'l Trust and Sav. Ass'n*:

> [Rule 19(a)(1)(A)] stresses the desirability of joining those persons in whose
> absence the court would be obliged to grant partial or "hollow" rather than
> complete relief to the parties before the court.  The interests that are being
> furthered here are not only those of the parties, but also that of the public in
> avoiding repeated lawsuits on the same essential subject matter.

*Id.*  The Third Circuit "recognize[s] that one of Rule 19's purposes is to avoid piecemeal

litigation" that may be "**caused by the failure to join an interested [party].**" *HB General Corp.*

*v. Manchester Partners, L.P.*, 95 F.3d 1185, 1198 n.9 (3d Cir. 1996) (Emphasis in original).

Finally, the effect a finding under Rule 19(a)(1)(A) may have on the absent party "is not

material" to the court's analysis under this section.  *Janney Montgomery Scott, Inc.*, 11 F.3d at

405 (Internal citation omitted).

Rule 19(a)(1)(B) requires the Court to weigh outside interests in its joinder analysis.  *Id.*

at 406.  Subsection (I) considers whether the absent party can protect any litigation interest it

might have as a result of not being joined.  Fed. R. Civ. P. 19(a)(1)(B)(I).  Subsection (ii)

mandates that the Court examine the risk of an existing party incurring "double, multiple, or

otherwise inconsistent obligations" as result of that absent party's interest in the case.  Fed. R.

Civ. P. 19(a)(1)(B)(ii).  "Thus, any party whose absence results in **any** of the problems identified

in [sections (a)(1)(A) or (a)(1)(B)] is a party whose joinder is compulsory if feasible." *Janney*

*Montgomery Scott, Inc.*, 11 F.3d at 405 (Emphasis added).

Rule 19(b) applies where "the court determines that a party must be joined but that

joinder cannot be effectuated." *Id.*  "Limitations on service of process, subject matter

jurisdiction, and venue" can render joinder not feasible.  Fed. R. Civ. P. 19 Advisory Committee

Notes.  When joinder is not feasible, "the court must determine whether in equity and good

conscience, the action should proceed among the existing parties or should be dismissed." Fed.

R. Civ. P. 19(b).  Rule 19(b) outlines four factors that this Court must consider in its

determination of whether the action can proceed.  Fed. R. Civ. P. 19(b)(1)-(4); *See also,*

*Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 109-112 (1968) (providing

further instruction on the four Rule 19(b) factors).  Our Supreme Court has held that under the

first prong, it is relevant to the Court's analysis that in moving to dismiss under Rule 19(b) "the

defendant may properly wish to avoid multiple litigation, or inconsistent relief, or sole

responsibility for a liability he shares with another." *Id.* at 110.  Despite "that a judgment is not

res judicata as to, or legally enforceable against, a non-party," it does not necessarily "mean

either (a) that a court may never issue a judgment that, in practice, affects a nonparty or (b) that

(to the contrary) a court may always proceed without considering the potential effect on

nonparties simply because they are not 'bound' in the technical sense." *Id.*  Similar to Rule19(a),

here, "the court must consider the extent to which the judgment may 'as a practical matter impair

or impede [that party's] ability to protect' [its] interest in the subject matter." *Id.*

   Under Rule 19(b)'s second prong, this Court must consider "modification of a judgment

as an alternative to dismissal" *Id.* at 112.  Our Supreme Court instructs that the appropriate

question to ask is "'Can the decree be written so as to protect the legitimate interests of outsiders

and, if so, would such a decree be adequate to the plaintiff's needs and an efficient use of judicial

machinery?'" *Id.* at 112, n.10.  With respect to Rule 19(b)'s third criterion, which determines

whether a judgment without a necessary party would be adequate, the Supreme Court has opined

that "there remains the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." *Id.* at 111. Our Supreme Court emphasizes the "public stake in settling disputes by wholes, whenever possible. . . ." *Id.* Finally, under Rule 19(b)(4), our Supreme Court underscores plaintiff's interest in choosing the desired forum in which to litigate prior to trial. *Id.* at 110. In a quote from the Advisory Committee Notes, however, our Supreme Court stresses that "'[t]he court should consider whether there is any assurance that the plaintiff, if dismissed, could sue effectively in another forum where better joinder would be possible.'" *Id.* at 110 and n.3 (Citing Fed. R. Civ. P. 19 Advisory Committee Notes).

2.      ***Forum Selection Clause***

The Third Circuit has ruled that, "[i]n federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal not state law" because "'[q]uestions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive in nature.'" *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995) (Internal citation omitted). The Third Circuit specifically opined that:

> A forum selection clause is presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable.

*Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983) (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10-11 (1972)) (overruled on other grounds by *Lauro Lines v. Chasser*, 490 U.S. 495 (1989)). "[T]he party seeking to avoid enforcement bears the burden of showing that the clause is 'unreasonable.'" *Chisso America, Inc. v. M/V Hanjin*

*Osaka*, 307 F.Supp.2d 621, 624 (D.N.J. 2003) (citing *The Bremen*, 407 U.S. at 10, 15).  New

Jersey District Courts have recognized that, "'when only jurisdiction is specified the clause will

generally not be enforced without some further language indicating the parties' intent to make

jurisdiction exclusive'" and "'mandatory rather than permissive.'"  *Id.*  (quoting *John Boutari &*

*Son, Wines & Spirits, S.A. v. Attiki Importers & Distributors Inc.*, 22 F.3d 51, 52-53 (2d Cir.

1994)).

   Under 28 U.S.C. §1404(a), a party may bring a motion to transfer an action from the

original federal forum to another federal forum based on a valid forum selection clause.

*Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 297-298 (3d Cir. 2001) (citing *Stewart*

*Org., Inc., et al. v. Ricoh Corp.*, 487 U.S. 22, 32 (3d Cir. 1988)); 28 U.S.C. §1404(a).  "Transfer

is not available, however, when a forum selection clause specifies a non-federal forum."

*Salovaara*, 246 F.3d at 298.  Under such circumstances, the Third Circuit instructs that "the

district court would have no choice but to dismiss the action so it can be filed in the appropriate

forum so long as dismissal would be in the interests of justice."  *Id.*  (Internal citations omitted).

   Contractual fraud in the inducement allegations can invalidate a forum selection clause,

but only in limited circumstances where "the inclusion of that clause in the contract was the

product of fraud or coercion." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519, n.14 (1974).  "It

is insufficient to allege that one was induced generally to enter into the contract itself as a result

of fraud." *Nat'l Micrographics Systems, Inc. v. Canon U.S.A., Inc.*, 825 F. Supp. 671, 675

(D.N.J. 1993) (citing *Scherk*, 417 U.S. at 519, n.14).  Moreover, related general claims of fraud,

deceit and misrepresentation fail to void a forum selection clause.  *Id.* at 675-676 (Internal

citations omitted).

Finally, before a forum selection clause's enforceability can be determined, the court must find that the provision "actually effectuate[s] a selection." *Wall Street Aubrey Golf, LLC v. Aubrey*, 189 Fed.Appx. 82, 85 (3d Cir. 2006). In doing so, the parties' intent is "paramount." *Mellon Bank, N.A. v. Aetna Business Credit, Inc.*, 619 F.2d 1001, 1009 (3d Cir. 1980) (Internal citation omitted). The agreement's plain language is also critical to the court's contractual interpretation. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 249 (3d Cir. 2007). Where a contract is clear and unambiguous, it must be enforced as written. *GTE Corp. v. Allendale Mutual Ins. Co.*, 372 F.3d 598, 609 (3d Cir. 2004).

**B.      Northeast is a Necessary Party under Rule 19(a)**

This Court finds that Northeast is a necessary party to the instant action under Rule 19(a)(1)(A) and (B)(I). Plaintiff entered into a bona fide purchase agreement with Northeast to purchase the boat at issue. (Pl.'s Opp'n Br. 2; Compl. ¶¶ 189-192.) BAC transferred "ownership and the right to sell the boat" to Northeast and then subsequently "transported the boat to Northeast in Connecticut." (Compl. ¶¶ 189-190.) Plaintiff further admits that "[t]here were no contracting parties to this agreement other than the plaintiff and Northeast." (Pl.'s Opp'n Br. 2.) Most importantly, several of the Complaint counts are contractual claims (*See* Compl. ¶ 6.) In fact, among Plaintiff's various forms of requested relief are refund of the purchase amount, and contract rescission/reformation. (*See* Compl. ¶¶ 240, 248, 283, 287, 292, 302.) Multiple District Courts have long recognized that, "a contracting party is the paradigm of an indispensable party" in a contractual claim action. *Fiscus v. Combus Finance AG*, No. 03-1328, 2007 WL 4164388, at *5 (D.N.J. Nov. 20, 2007) (quoting *Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F. Supp. 518, 527 (D.Conn. 1991)); *Amboy Bancorporation v. Jenkins & Gilchrist*, No. 02-CV-5410,

2007 WL 2688885, at *2 (D.N.J. Sep. 12, 2007) (finding that a party with a "direct and contractual personal liability relationship" with the plaintiff was a necessary and indispensable party to a contractual claims action); *Prader v. Science Dynamics Corp.*, No. 99-5303, 2000 U.S. Dist. LEXIS 18666, at *14 (D.N.J. Dec. 19, 2000) (ruling that a "direct party to the contract" was necessary to a contractual claims action); *Rashid v. Kite*, 957 F. Supp. 70, 74 (E.D.Pa. 1997) ("Generally, in breach of contract actions, all parties to the contract should be joined"); *Ryan v. Volpone Stamp Co., Inc.*, 107 F. Supp.2d 369, 387 (S.D.N.Y. 2000) ("It is well-established that a party to a contract which is the subject of the litigation is considered a necessary party").

Northeast, therefore, is a necessary party under Rule 19(a)(1)(A) because this Court "cannot accord complete relief" in the form of: (1) a refund of the purchase amount specified in the purchase agreement between Plaintiff and Northeast, and presumably paid to Northeast; and (2) rescission/reformation of a contract to which Plaintiff and Northeast are the only signatories (as explicitly stated and emphasized by Plaintiff in his opposition brief) where Northeast is absent from the instant matter. Fed. R. Civ. P. 19(a)(1)(A).

Northeast also satisfies Rule 19(a)(1)(B)(i)'s necessary party criteria because as "a practical matter," adjudicating this matter in Northeast's absence would "impair or impede" Northeast's "ability to  protect [its] interest."  Fed. R. Civ. P. 19(a)(1)(B)(i).  Any resolution of the instant action, and specifically any purchase amount refund or contract reforming/rescinding, would adversely affect Northeast's interest as the boat seller, purchase monies recipient, and the only direct sale agreement contractual party. *Fiscus*, 2007 WL 4164388 at *5 ("When a court is called upon. . .to evaluate whether the parties to the contract have breached those terms. . ., the absence of one. . .of those parties exposes the absent party to precisely the kind of risks that [Rule 19(a)(1)(B)(i)] empowers the court to guard against").

Furthermore, Plaintiff explicitly implicates Northeast in its non-contractual Complaint claims for New Jersey RICO Act violations and conspiracy. (*See* Compl. ¶¶ 249-265.)  Plaintiff's Complaint clearly states that "[a]t all relevant times, defendant Brunswick Corporation and Brunswick Acceptance, along with Global and Northeast, **jointly** constituted an 'enterprise' and/or an association-in-fact enterprise" which "pursued the secret work-out deal set forth" and carried out an alleged "shell game" by engaging in "a pattern of racketeering activity" (Compl. ¶¶ 252, 254-256) (Emphasis added).  Plaintiff further alleges that "the defendants and Global and **Northeast** specifically committed mail fraud, wire fraud and fraudulent practices." (*Id.* at ¶ 257) (Emphasis added).  Additionally, "the defendants and Global and **Northeast** unlawfully, purposefully and knowingly directed, associated with, participated in and conducted the affairs of an Enterprise [sic] through a pattern of racketeering activity in violation of [the New Jersey RICO Act]." (*Id.* at 259) (Emphasis added).  Plaintiff asserts nearly identical allegations in pleading his New Jersey RICO Act conspiracy, continuing to refer to Northeast's alleged illicit conduct.  (*Id.* at 263).  By explicitly and repetitiously naming Northeast in his New Jersey RICO Act claims, Plaintiff directly implicates Northeast as a necessary party to the action.

Plaintiff's pleading and oppositional arguments, coupled with Plaintiff and Northeast being the only purchase agreement signatories, results in Northeast having significant material interests in the matter at bar.  As such, this Court finds its glaring absence to be a blatant impediment to its ability to protect its bona fide interests.  Reference to the parties' purchase agreement is a "necessary factual predicate to all of Plaintiff's remaining claims." *Fiscus*, 2007 WL 4164388 at *5.  Consequently, this Court rules that Northeast is a necessary party under Rule 19(a)(1)(A) and (B)(i), and will now consider whether Northeast's joinder is feasible.

13

**C.   Northeast's Joinder is not Feasible**

Northeast's joinder is not feasible based on this Court's determination that a valid forum

selection clause exists in the parties' purchase agreement designating the Connecticut Supreme

Court, County of New London as the "sole and exclusive venue" for any legal action brought

against Northeast in which the Connecticut federal courts do not have exclusive jurisdiction. (*See*

Leonard Cert., Ex. 1.)  The forum selection clause at issue states, in relevant part:

> As to **any legal action** that Purchaser may bring against **Northeast Marine
> Liquidation**, **the Seller** or any officer, director or employee of Northeast Marine
> Liquidation or **the Seller**, either during the term of this Agreement or thereafter,
> where only the federal courts have jurisdiction over the subject matter of such
> legal actions it is agreed and understood that such legal actions shall **only** be
> brought in the United States District Court for the District of Connecticut and that
> such court shall be deemed to be the court of **sole and exclusive venue** for the
> brining of such action.  As to any other legal action that may be brought against
> **Northeast Marine Liquidation** or **Seller** or any officer, director or employee of
> **Northeast Marine Liquidation** or **Seller**, either during the term of this
> Agreement or thereafter, it is understood and agreed that any such action shall
> **only** be brought in the Supreme Court of the State of Connecticut in the County of
> New London and that such court shall be deemed to be the court of **sole and
> exclusive venue** for the bringing of such action.

*Id.* (Emphasis added).  This Court finds said provision's plain language to be absolutely clear and

unambiguous in designating the Connecticut courts as the sole and exclusive and chosen forum

for litigation arising out of the parties' executed purchase agreement.

This Court thus finds the instant forum selection clause to be "presumptively valid" and

enforceable based on the three-prong analysis set forth in *Coastal Steel Corp* outlined above in

Section IV(A)(2).  First, this Court concludes based on Plaintiff's assertions that the forum

selection clause was not the result of fraud or overreaching.  Plaintiff merely sets forth general

fraud in the inducement allegations related to the boat sale and purchase agreement execution.

(Compl. ¶¶ 232-265, 280-287) and does not allege that "the inclusion of [the forum selection]

clause in the contract was the product of fraud or coercion." *Scherk*, 417 U.S. at 519, n.14.

Second, this Court rules that enforcement of the forum selection clause would not violate any

forum public policy.  Third, this Court does not find the Connecticut courts to be such an

unreasonable/inaccessible jurisdiction or fora as to seriously inconvenience Plaintiff.  Northeast

is located in Connecticut. (*See* Leonard Cert., Ex. 1.)  The parties' contract states that "this

Agreement shall be deemed to have been made in the State of Connecticut" and "shall be

interpreted, governed, and construed pursuant to the state laws of the State of Connecticut."

(*Id.*); *Central Contracting Co. v. Maryland Casualty Co.*, 367 F.2d 341, 345 (3d. Cir. 1966)

(listing similar relevant factors in affirming that a contested forum selection clause was not

unreasonable).  The Court also takes notice that the County of New London is less than 150

miles away from the Plaintiff's residence, and finds that such distance would not render venue in

Connecticut unreasonable.  *Id.* (affirming that a location "only 400 miles from plaintiff's home

office. . .would hardly impose an unreasonable burden upon [the plaintiff]").[3]

    Northeast's joinder would immediately render venue improper in the District of New

Jersey as Northeast has already asserted an objection to any venue outside the State of

Connecticut via the purchase agreement's valid and enforceable forum selection clause. As a

result, this Court holds that Northeast's joinder is not feasible and will now consider whether

Northeast is an indispensable party requiring dismissal of the action under Rule 19(b).

---

[3] This Court notes that Plaintiff acknowledged the contractual forum selection clause's
existence, but declined to address its reasonableness or enforceability in its opposition brief to
BAC's 12(c) motion. (Pl.'s Opp'n Br. to Def. BAC's Mot. Dismiss at 5-6.)

**D.    Northeast is an Indispensable Party Requiring Dismissal of Plaintiff's Action under Rule 19(b)**

The Court's consideration of the four Rule 19(b) factors leads it to conclude that Northeast is an indispensable party to the instant case.  Consequently, Plaintiff's action must be dismissed as it would be improper to allow it to proceed against Defendants without Northeast's inclusion.

Under Rule 19(b)(1), this Court holds that a judgment rendered in Northeast's absence, especially in Plaintiff's favor, would very likely prejudice Northeast's interests.  As set forth in Section IV(B), *infra*, several of Plaintiff's claims are contractually-based and seek relief via a purchase price refund, as well as reformation/rescission of the purchase agreement—a contract which only Plaintiff and Northeast are signatories.  Plaintiff's Complaint also makes explicit accusations against Northeast alleging illicit activity under New Jersey's RICO Act.  Moreover, this Court found in Section IV(B), *infra*, that Northeast's execution of the purchase agreement was central to the remainder of Plaintiff's non-contractual claims.  As our Supreme Court underscored in *Provident Tradesmen Bank & Trust Co.*, "'[i]t is not necessary that any finding of liability on [the absentees'] part in this action be binding to show prejudice to the absent party' because 'practical prejudice exists to that absent party in the effect the case might have as precedent.'"  *Fiscus*, 2007 WL 4164388 at *7 (quoting *Whyham v. Piper Aircraft Corp.*, 96 F.R.D. 557, 563 (D.C.Pa. 1982) (citing, *inter alia*, *Provident Tradesmen Bank & Trust Co.*, 390 U.S. at 110)).  Hence, any finding in Plaintiff's favor would undoubtedly have an adverse impact on Northeast's interests.

16

Pursuant to Rule 19(b)(2), this Court finds no available means by which to diminish Northeast's potential prejudicial risk. All of Plaintiff's claims either explicitly and directly or implicitly and indirectly allege wrongdoing on Northeast's part. This Court is at a loss to fashion a modification or alternative to any potential judgment in favor of Plaintiff that would diminish Northeast's potential prejudice. Even if there were such a remedy, the Court anticipates that it would not: (1) "be adequate to the plaintiff," or (2) constitute "an efficient use of judicial machinery." *Provident Tradesmen Bank & Trust Co.*, 390 U.S. at 112 and n.10. In addition to various compensatory and punitive damages, Plaintiff seeks to reform/rescind the purchase agreement, as well as a purchase amount refund. (*See* Compl. ¶¶ 240, 248, 283, 287, 292, 302.) As such, this Court simply cannot fashion such a remedy without Northeast (as the only direct contracting party with Plaintiff) being present in the case.

With respect to Rule 19(b)(3)'s inquiry as to "whether a judgment rendered in the [party's] absence would be adequate," the Court applies the same reasoning under its Rule 19(b)(2) analysis to find Northeast indispensable to the matter at bar. Our Supreme Court's emphasis in this regard is on the "complete, consistent, and efficient settlement of controversies" and the importance of "settling disputes by wholes, whenever possible." *Provident Tradesmen Bank & Trust Co.*, 390 U.S. at 111. If this case were permitted to proceed as it stands, this Court would be forced to analyze Plaintiff's contract claims in Northeast's absence as the main contracting party. The Court would also have to consider Plaintiff's New Jersey RICO Act claims while ignoring such accusations as "defendants and Global and Northeast specifically committed mail fraud, wire fraud and fraudulent practice." (Compl. ¶ 257.) If a judgement was rendered in Northeast's absence, there would also be a high risk of successive and piecemeal

17

litigation based on Northeast's potential liability exposure to breach of contract, RICO, fraud, indemnity and/or contribution claims. "The considerations of judicial economy" under Rule 19(b) "weigh in favor of dismissal in order to avoid the inefficient, piecemeal disposition of Plaintiff's claims." *Fiscus*, 2007 WL 4164388 at \*7.

Finally, under Rule 19(b)(4), Plaintiff "would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b)(4). This Court reiterates our Supreme Court's emphasis that the critical determination under this factor is "'whether there is any assurance that the plaintiff, if dismissed, could sue effectively in another forum where better joinder would be possible,'" *Provident Tradesmens Bank & Trust Co.*, 390 U.S. at 110 and n.3. As the Court has already determined that Connecticut is the appropriate forum for this action, re-filing this matter in Connecticut constitutes an adequate remedy for Plaintiff.

## V.   **CONCLUSION**

Based on the foregoing, BAC's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(c) is hereby **GRANTED**. The Court **DECLINES** to address the merits of Plaintiff's and Brunswick's Motions as moot. The Court **DISMISSES** Plaintiff's Complaint in its entirety due to its determination that Northeast is a necessary party, that Northeast's joinder is not feasible, and that Plaintiff's action cannot proceed in Northeast's absence. The Clerk of the Court shall remove this case from the Court's active docket.

**SO ORDERED.**

s/Susan D. Wigenton, U.S.D.J.

cc: Madeline Cox Arleo, U.S.M.J.

18